Citation Nr: 1508843 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 09-02 905 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

Entitlement to a rating in excess of 10 percent for postoperative residuals of prostate cancer for the period prior to July 7, 2011.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

A. Barone, Counsel

INTRODUCTION

The appellant is a Veteran who served on active duty from March 1968 to January 1971. This matter is before the Board of Veterans' Appeals (Board) on remand from the United States Court of Appeals for Veterans Claims (Court).

Initially, this matter was before the Board of Veterans' Appeals (Board) on appeal from a February 2008 rating decision of the Denver, Colorado Department of Veterans Affairs (VA) Regional Office (RO). In May 2011, a videoconference hearing was held before the undersigned. A transcript of the hearing is associated with the record. In July 2011 the Board remanded these matters for additional development. A March 2012 rating decision increased the ratings for postoperative prostate cancer to 10 percent effective April 11, 2007, 40 percent effective July 7, 2011, and 20 percent effective January 17, 2012.

A May 2014 Board decision assigned staged ratings of: 10 percent (but no higher) for the period prior to May 3, 2011; 40 percent (but no higher) for the period from [the earlier effective date of] May 3, 2011 to January 17, 2012; and 20 percent (but no higher) from January 17, 2012. The May 2014 Board decision also denied an increased rating for bilateral hearing loss. The Veteran appealed part of the May 2014 Board decision to the Court, resulting in a January 2015 Joint Motion for Remand (Joint Motion) by the parties. By a January 2015 Order, the Court remanded the matter for compliance with the instructions in the Joint Motion.

Significantly, the January 2015 Joint Motion clearly identifies the only portion of the May 2014 Board decision that has been vacated by the action of the Court. The Joint Motion explains that only that portion of the "decision that denied Appellant's claim for entitlement to an increased rating for postoperative residuals of prostate cancer, in excess of 10% prior to May 3, 2011" was to be vacated. The Joint Motion noted that the portion of the Board's decision that awarded a benefit to the Veteran was not to be disturbed. The Joint Motion further explained that the Veteran was "not pursuing" any other claim associated with the May 2014 Board decision.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The January 2015 Joint Motion directs attention to concerns associated with the apparent fact that specific private medical records (from a Dr. Rhodes) pertinent to this matter were separated from the claims-file and were not available for the Board's review at the time of the May 2014 Board decision. As explained in the Joint Motion, the set of private medical records has now been located by the AOJ in a temporary file and it appears that they have been re-associated with the Veteran's primary claims-file before the Board.

The Joint Motion directs the Board as follows: "On remand, the Board should ensure that the entirety of Appellant's private treatment records from Dr. Rhodes have been associated with the claims file and/or VA's electronic files." Although some medical records from Dr. Rhodes are now associated with the claims-file, the Board finds that a remand is necessary to take steps to ensure that the entirety of the Veteran's private treatment records from Dr. Rhodes are secured and available for review. As the Board is unable to determine with certainty whether the set currently in the claims-file is complete, the appropriate action is to remand this issue to the AOJ to request and obtain the complete set of the Veteran's private treatment records from Dr. Rhodes.

The purpose of this remand is to ensure that final appellate review is appropriately informed by the entirety of the pertinent private medical evidence, and to ensure compliance with the directives of the Joint Motion.

Accordingly, the case is REMANDED for the following:

1. The AOJ should advise the Veteran that, in accordance with the terms of the January 2015 Joint Motion associated with his appeal, appropriate steps must be taken to ensure that his claims-file includes the complete records of his treatment by Dr. Edward A. Rhodes. The AOJ should ask the Veteran to submit an authorization for VA to secure such records from Dr. Rhodes. The AOJ should secure complete treatment records from Dr. Rhodes. If any private records identified (which the Veteran authorized VA to obtain) are not received pursuant to VA's request, the Veteran should be so notified and advised that ultimately it is his responsibility to ensure that private treatment records are received.

2. After the record is determined to be complete, the AOJ should review the record and readjudicate the issue of entitlement to a rating in excess of 10 percent for postoperative residuals of prostate cancer for the period prior to July 7, 2011. If the claim remains denied, the AOJ should issue an appropriate supplemental statement of the case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).